IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIVIL NO. 15-00278 SOM/RLP |
| | ) | |
| ADAM LEE, | ) | |
| | ) | ORDER AFFIRMING BANKRUPTCY |
| Debtor, | ) | COURT ORDER |
| | ) | |
| | ) | Bankr. Case No. 13-01356 (RJF) |
| | ) | Chapter 7 |
| ADAM LEE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANE S. FIELD, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

**ORDER AFFIRMING BANKRUPTCY COURT ORDER**

**I.      INTRODUCTION.**

         This appeal turns on whether a bankruptcy debtor's
interest in fraudulently transferred property is exempt from
being included in the debtor's bankruptcy estate as subject to
claims by creditors.  Debtor/Appellant Adam Lee appeals the
portion of Bankruptcy Judge Robert J. Faris's order of June 29,
2015, that ordered Lee to turn over possession of two properties
on Palua Place to the bankruptcy trustee.  This court affirms.

**II.     FACTS.**

         This is not the first bankruptcy appeal this court has
adjudicated involving Lee.  On September 21, 2015, this court
affirmed a bankruptcy court order in an adversary proceeding

filed by the bankruptcy trustee on January 14, 2014, No. 14-90003, that determined that Lee had fraudulently transferred two properties located on Palua Place, in Honolulu, to himself and his wife as tenants by the entirety.  In re Adam Lee (Field v. Lee), 2015 WL 5598319, *7 (Sept. 21, 2015).  The court explained,

> Lee filed a Chapter 7 bankruptcy petition. See ECF No. 7-3, PageID # 175.  His bankruptcy Schedule A included three real estate parcels.  Two properties were on Palua Place and were listed as held in tenancies by the entirety.  The schedule stated that, with respect to one of the Palua Place properties, Lee had a 75% interest, and Alexandria Shiroma had a 25% interest.  The schedule stated that the other Palua Place property had approximately $838,000 in equity.  See ECF No. 14-1, PageID # 740.

Id., 2015 WL 5598319, *1.

While the appeal of the adversary proceeding order concerning the fraudulent transfer of the Palua Place properties was pending before this court, the bankruptcy judge ordered Lee to turn possession of the Palua Place properties over to Dane S. Field, Lee's Chapter 7 bankruptcy trustee.  See ECF No. 9-1 (Order of June 29, 2015).  Lee appeals only the portion of that order concerning turning over possession of the Palua Place properties to the trustee.

**III.     STANDARD OF REVIEW.**

This court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  See In re Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir.

1992) ("The court reviews the bankruptcy court's findings of fact

under the clearly erroneous standard and its conclusions of law

de novo."). The court "must accept the Bankruptcy Court's

findings of fact, unless the court is left with the definite and

firm conviction that a mistake has been committed. Mixed

questions of law and fact are reviewed de novo." <u>In re JTS</u>

<u>Corp.</u>, 617 F.3d 1102, 1109 (9th Cir. 2010) (quotation marks and

citations omitted).

IV.      **ANALYSIS.**

  A. **The Court Has Already Determined that Lee
Fraudulently Transferred the Palua Place
Properties.**

   On September 9, 2013, Lee filed Schedules in his

Chapter 7 bankruptcy proceeding. Schedule C claimed a $669,000

exemption for "Palua Place #1" and a $262,848 exemption for

"Palua Place #2." <u>See</u> ECF No. 20, PageID # 861. Schedule C

stated that these properties were exempt based on "Sawada v.

Endo, 561 P.2d 1291; Ha. Rev. Stat. 509-2." <u>Id.</u> In <u>Sawada v.</u>

<u>Endo</u>, 57 Haw. 608, 617, 561 P.2d 1291, 1297 (1977), the Hawaii

Supreme Court held that property held in tenancy by the entirety,

as allowed by section 509-2 of Hawaii Revised Statutes, "is not

subject to the claims of the creditors of one of the spouses

during their joint lives." In so ruling, the Hawaii Supreme

Court noted that "the creation of a tenancy by the entirety may

not be used as a device to defraud existing creditors." <u>Id.</u> at 616, 561 P.2d at 1297.

With respect to same Palua Place properties for which Lee claimed exemptions on his Schedule C, on February 27, 2015, Bankruptcy Judge Robert J. Faris issued Findings of Fact and Conclusions of law that determined that Lee had fraudulently transferred the properties to himself and his wife. <u>See</u> ECF No. 20, PageID #s 913-30. On March 10, 2015, a Final Judgment was entered avoiding and setting aside as fraudulent 1) Lee's transfer of his 90% interest in Palua Place #1 to himself and his wife, and 2) Lee's transfer of his 75% interest in Palua Place #2 to himself and his wife. <u>See</u> ECF No. 9-10, PageID #s 309-10. This court affirmed that decision in an order of September 21, 2015. <u>See</u> ECF No. 20, PageID #s 934-52.

Because only a 90% interest in the Palua Place #1 property was avoided and set aside, the court is unpersuaded by Lee's argument that the Bankruptcy Court improperly adjudicated Lee's exemption with respect to the other 10% in that property. <u>See</u> ECF No. 8, PageID # 104. There is no contention that the trustee objected to that 10% claimed exemption. <u>See</u> ECF No. 19, PageID # 840 ("Trustee <u>did not</u> seek to avoid the Debtor's transfer of the 10% interest in Palua 1 to the Debtor's tenancy-by-the-entireties estate; and the Trustee has <u>not argued</u> that the

avoidance action operates as an objection to the Debtor's exemption as to his 10% interest in Palua 1.").

> **B.** **The Bankruptcy Judge Correctly Determined that the Bankruptcy Trustee Had Objected to Lee's Claimed Exemptions With Respect to the Palua Place Properties.**

According to the Docket Sheet in Lee's Chapter 7 bankruptcy case, the bankruptcy trustee held a meeting of creditors pursuant to 11 U.S.C. § 341 on September 19, October 23, and December 19, 2013. See ECF No. 9-23, PageID #s 672-73 and 678. Apparently, an earlier meeting of creditors was held on September 7, 2013. At that meeting, the trustee warned Lee's counsel that the trustee would likely challenge the transfers to tenancies by the entireties. See ECF No. 20, PageID # 911 (responding to statement that Lee's wife had not paid anything for her interest in the property, Trustee said, "Chuck, I'm probably looking at a fraudulent transfer case on that.").

The docket sheet indicates that the bankruptcy trustee filed an adversary proceeding on January 14, 2014, to determine whether the Palua Place properties had been fraudulently transferred from Lee to Lee and his wife as tenants by the entirety. Id., PageID # 678. On March 15, 2015, final judgment was entered in the adversary proceeding, avoiding and setting aside the fraudulent transfer of Lee's 90% interest in Palua Place #1 and 75% interest in Palua Place #2. See ECF No. 9-10, PageID # 309-12. Lee appealed, and this court affirmed in an

order of September 21, 2015.  See In re Adam Lee (Field v. Lee),

2015 WL 5598319, *7 (Sept. 21, 2015); ECF No. 20, PageID #s 934-

53.

> Under 11 U.S.C. § 522(l),
>
> The debtor shall file a list of property that
> the debtor claims as exempt under subsection
> (b) of this section.  If the debtor does not
> file such a list, a dependent of the debtor
> may file such a list, or may claim property
> as exempt from property of the estate on
> behalf of the debtor.  Unless a party in
> interest objects, the property claimed as
> exempt on such list is exempt.

11 U.S.C.A. § 522(l).  Pursuant to Rule 4003(b)(1) of the Federal

Rules of Bankruptcy Procedure, objections to claims of exemption

may be filed within 30 days after the meeting of creditors,

unless that time is extended by the court.  Rule 4003(b)(2)

extends that time to "one year after the closing of the case if

the debtor fraudulently asserted the claim of exemption."

In Taylor v. Freeland & Kronz, 503 U.S. 638, 643

(1992), the United States Supreme Court examined Rule 4003(b),

ruling that, unless an objection is made to a claimed exemption

within 30 days of the creditors' meeting (or within the time set

by the court in the event that time is extended), the property

claimed as exempt is exempt.  Recently, the Supreme Court, citing

Taylor, has reiterated "that a trustee's failure to make a timely

objection prevents him from challenging an exemption."  Law v.

Siegel, 134 S. Ct. 1188, 1196 (2014).

On appeal, Lee argues that, because the trustee did not file a document in the Chapter 7 bankruptcy proceeding that expressly "objected" to the claimed exemptions with respect to the Palua Place properties, Bankruptcy Judge Faris erred in not recognizing the exemptions.  This court is not persuaded.

Section 522(l) does not mandate the form an objection must take, stating only that, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." See In re Spenler, 212 B.R. 625, 629 (B.A.P. 9th Cir. 1997) ("Rule 4003(b), unlike some other bankruptcy rules, proscribes no particular form for objections to exemption claims."); In re Betz, 273 B.R. 313, 320 (Bankr. D. Mass. 2002) (noting that § 522(l) and Rule 4003(b) are silent on what constitutes a sufficient objection).

In the present case, the trustee filed an adversary proceeding on January 14, 2014, less than 30 days after the creditors' meeting held on December 19, 2013.  The adversary proceeding challenged the transfer of the Palua Place properties from Lee to Lee and his wife as tenants by the entirety.  Because Schedule C asserted an exemption based solely on the claimed tenancies by the entirety, and because the adversary proceeding challenged the validity of the transfers to tenancies by the entirety as fraudulent, the issue before this court concerns whether the filing of the adversary proceeding qualifies as an

7

"objection" to the claimed exemption for purposes of § 522(l).
In other words, this court must determine whether the trustee's
filing of the adversary proceeding within 30 days of the
conclusion of the creditors' meeting qualifies as a timely
"objection" such that Lee does not automatically have the claimed
exemptions under Taylor and Law.

In In re Spenler, 212 B.R. at 630, the Ninth Circuit
Bankruptcy Appellate Panel noted that "Rule 4003(b) was meant to
provide the debtor with timely notice that the trustee or other
interested party objects to a debtor's claimed exemption."  A
leading bankruptcy treatise has therefore stated:

> The propriety of the exemption claim may be
> raised in another proceeding.  To be an
> adequate substitute for a separate objection
> to exemptions, however, any such proceeding
> must clearly put the debtor and the debtor's
> counsel on notice of the objection to the
> exemptions claimed and be filed withing the
> deadline set forth in Rule 4003(b).

Alan N. Resnik and Henry J. Sommer, Collier on Bankruptcy,
¶ 4003.03[2] (16th ed. 2015).

"An overwhelming majority of courts have held that, at
least in the instance where some form of written objection was
manifested within the 30 day deadline, Rule 4003(b) is satisfied
even though no formal objection was filed."  In re Betz, 273 B.R.
at 320.  Other jurisdictions have specifically recognized that an
adversary proceeding may constitute an objection for purposes of
Rule 4003 and § 522(l).  In Matter of Grosslight, 757 F.2d 773,

777 (6th Cir. 1985), for example, the Sixth Circuit recognized the filing of an adversary proceeding as a sufficient objection for purposes of Rule 4003(b).  In that case, a creditor filed an adversary proceeding 24 days after the filing of the schedule of exempted property.  The Sixth Circuit stated that the filing of the adversary proceeding met the procedural concerns and therefore treated that filing as an objection.  Id.

This court views the trustee's filing of the adversary proceeding challenging the basis for the claimed exemptions at issue in this case as satisfying § 522(l) and Rule 4003(b), even if the adversary proceeding did not specifically refer to any claimed "exemption."  According to Lee's Schedule C, the sole basis of the claimed exemptions was the holding of the properties in tenancies by the entirety.  The adversary proceeding challenged the propriety of the transfers of the properties into tenancies by the entirety, meaning that the adversary proceeding clearly challenged the basis for the claimed exemptions.  The court is therefore unpersuaded by Lee's argument that, because the bankruptcy court determined that Lee had fraudulently transferred the properties into tenancies by the entirety but did not specifically say that the exemptions were overruled as a result, Lee should be allowed to maintain the exemptions for the fraudulently transferred property.  Nor is the court persuaded by Lee's argument that treating the fraudulent transfer judgment as

negating certain exemptions for the Palua properties amounts to affording relief beyond that embodied in that judgment.  This court is not amending the judgment in the fraudulent transfer adversary proceeding.  To the contrary, this court is giving effect to that judgment.  To hold otherwise would allow Lee to benefit from his fraudulent transfers even though the trustee timely complied with the requirements of § 522(l) and Rule 4003(b).  Lee certainly had written notice that the trustee was challenging as fraudulent Lee's transfers of properties into tenancies by the entireties.  There is no injustice in disallowing an exemption based on fraudulent conduct.

The court is also unpersuaded by Lee's reliance on § 522(b)(3)(b).  Section 522(b)(3)(b) recognizes that a debtor may exempt tenancy by the entirety property that the debtor had immediately before commencement of bankruptcy proceedings.  Lee cites § 522(b)(3)(b) for the first time in his Reply brief.  Under Local Rule 7.4, "Any argument raised for the first time in the reply shall be disregarded."  Even if considered, however, § 522(b)(3)(b) does not say that a debtor's holding of property in tenancy by the entirety cannot be challenged.

The court is also unpersuaded by Lee's reliance on In re Canino, 185 B.R. 584 (B.A.P. 9th Cir. 1995).  In Canino, the debtors filed a Schedule C, listing a car and a residence as exempt.  In each case, the claimed exemption exceeded the

authorized exemption.  Neither the Chapter 7 trustee nor any
other party in interest filed a formal objection to the claimed
exemptions.  Id. at 587.  The creditors' meeting concluded on
June 23, 1992.  The 30-day period to file objections to
exemptions therefore ended on July 23, 1992.  Id.  Although the
trustee did not file objections, on June 1, 1992, he asked to
employ a real estate broker to sell the residence.  That request
was denied without prejudice.  Id.  On June 3, 1992, the trustee
gave the debtors notice that he intended to sell the car, selling
it on June 20, 1992, three days before the creditors' meeting
concluded.  Id.  The trustee paid the debtors the statutory
exemption amount for the vehicle, which the debtors accepted.
Id.  On October 9, 1992, the trustee renewed the motion to employ
a real estate broker.  That motion was granted four days later.
Id.  Given these circumstances, the bankruptcy court held that
the trustee's actions constituted an "informal objection" for
purposes of Rule 4003(b).

     On appeal, the Bankruptcy Appellate Panel for the Ninth
Circuit held that the trustee's actions failed to rise "to the
level of an objection."  Id. at 591.  In so ruling, the
Bankruptcy Appellate Panel reasoned that the trustee was only
performing his duties, that courts may not use equitable
considerations to allow untimely objections, and that Rule 4003
does not provide for "informal objections."  Id.  Nevertheless,

11

Canino recognized that there is no prescribed form of objection to an exemption for purposes of Rule 4003. Id. at 592. The trustee's actions "did not constitute an explicit objection to Debtor's claimed exemptions. In any case, as to the residence, the pertinent actions were taken after the time to object had passed." Id.

Canino is distinguishable on its facts. Here, the trustee explicitly challenged the claimed Palua Place exemptions in writing during the 30-day time period for objections. While the challenge took the form of an adversary proceeding, as opposed to a document referring to an "objection to claimed exemption," Lee and his counsel received notice of the fact and essence of the challenge. Under these circumstances, Lee is unpersuasive in arguing that he should be allowed the exemption given the trustee's failure to call the challenge an "objection."

### C. Lee Received the Due Process Required by Rule 4003.

Lee argues that he did not receive the due process required by Rule 4003. See ECF No. 8, PageID # 103. He first argues that Rule 4003(b)(1) requires any objection to be filed within 30 days of the creditors' meeting. But there can be no dispute that the Adversarial Proceeding Complaint challenging the essence of Lee's claimed exemptions with respect to the Palua Place properties was filed on January 14, 2014, less than 30 days after the December 19, 2013, creditors' meeting. See Adversary

Proceeding No. 14-90003, ECF No. 2.  As noted above, this court views the adversary proceeding complaint as satisfying the objection requirements.

Lee is not contending that he and his attorney had to be served with any objection within 30 days of the creditors' meeting.  Lee only argues that Rule 4003(b)(4) requires objections to be delivered or mailed to both a debtor and his attorney.  At the hearing on the motion, the trustee's attorney represented that Lee's attorney accepted service of the adversary proceeding on Lee's behalf, thus satisfying Rule 4003(b)(4)'s service requirements.  It appears that Lee's Rule 4003(b)(4) argument is based on the factual contention that no document referring to an "objection" or an "exemption" was filed and served, not on any contention that the trustee failed to serve the adversary proceeding complaint.

Finally, Lee argues that Rule 4003(c) required a "hearing on notice" at which the objecting party bears the burden of proving the exemptions were not properly claimed.  That requirement is easily satisfied by the trial in the adversary proceeding in which the trustee satisfied his burden of proving that Lee had fraudulently transferred the property at issue in the claimed exemptions.  As noted in the Bankruptcy Judge's Findings of Fact and Conclusions of Law, a three-day trial was held from February 2 through 4, 2015, regarding the trustee's

claim that the transfer of the Palua Place properties had been fraudulent.  <u>See</u> ECF No. 20, PageID # 913.

> ### D.   Because Lee Had No Valid Exemption, the Palua Place Properties Were Not "Under Water."

Nor is Lee persuasive in arguing that the Palua Place properties were not subject to turnover because the exemptions rendered the properties "under water" such that they were "inconsequential" and should therefore have been abandoned.  <u>See</u> ECF No. 8, PageID #s 104-06.  These arguments are based on a false premise.  This court's determination that Lee fraudulently transferred the properties into tenancies by the entirety requires the conclusion that Lee's claimed exemptions based on the same tenancies by the entirety are invalid.  Without those claimed exemptions, the properties could not have been "under water" and "inconsequential" such that they should have been abandoned.

## V.   CONCLUSION.

This court affirms the bankruptcy court ruling challenged by Lee on this appeal.  This order disposes of all issues in this appeal, including those raised by the Amended Statement of Issues on Appeal.  <u>See</u> ECF No. 6-2.  The court therefore denies as moot the Trustee's motion to strike the Amended Statement of Issues on Appeal and Amended Designation of Record on Appeal.  <u>See</u> ECF No. 13-1.

The Clerk of Court is directed to enter judgment against Lee and to terminate this appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge

In re Adam Lee, Civ. No. 15 00278 SOM/RLP; ORDER AFFIRMING BANKRUPTCY COURT ORDER